UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTHEW POIRRIER | CIVIL ACTION |
| VERSUS | |
| FEDERAL EMERGENCY MANAGEMENT AGENCY, ET AL. | NO: 18-00434 BAJ-EWD |

## RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 7)** filed by the Federal Emergency Management Agency and Administrator William B. Long (collectively, FEMA). For the reasons that follow, the **Motion (Doc. 7)** is **GRANTED**.

## I. BACKGROUND

According to the allegations in the Complaint, Plaintiff's property sustained significant flood damage in August 2016. FEMA issued Plaintiff insurance under the National Flood Insurance Program. Plaintiff made a flood damage claim to FEMA. FEMA responded by dispatching an adjuster to Plaintiff's property to estimate the loss. Plaintiff submitted proof of loss documentation. Sixty days passed, and FEMA took no action. Treating the delay as a denial, Plaintiff sued FEMA.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Products Liab. Litig*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n,*

*Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). In determining its jurisdiction, the Court may consider "(1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Carroll v. Abide*, 788 F.3d 502, 504 (5th Cir. 2015) (citation omitted).

## III. DISCUSSION

As a federal agency, FEMA enjoys sovereign immunity, which shields it from suit absent a waiver. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The National Flood Insurance Act contains a limited waiver of FEMA's sovereign immunity for National Flood Insurance claims. It provides that "upon the disallowance by the [FEMA] Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, may institute an action against the Administrator[.]" 42 U.S.C. § 4072. The disallowance of a claim is therefore required before a claimant can file suit. Plaintiff's FEMA claim has not been disallowed. Thus, Defendants contend, the Court lacks subject matter jurisdiction over this claim.

Plaintiff argues that FEMA's lack of action on his proof of loss documentation within 60 days of submission constituted a disallowance of his claim. This contention

is based on the loss-payment provision of the Standard Flood Insurance Program (SFIP).[1] The SFIP loss-payment provision provides as follows:

### M. Loss Payment

1. We will adjudge all losses with you. We will pay you unless some other person or entity is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss (or within 90 days after the insurance adjuster files the adjuster's report signed and sworn to by you in lieu of a proof of loss) and:
    a. We reach an agreement with you;
    b. There is an entry of a final judgment; or
    c. There is a filing of an appraisal award with us, as provided in VII. P.
2. If we reject your proof of loss in whole or in part you may:
    a. Accept our denial of your claim;
    b. Exercise your rights under this policy; or
    c. File an amended proof of loss as long as it is filed within 60 days of the date of the loss.

44 C.F.R. Pt. 61, App. A(1), § VII(M).

The Court finds that the loss-payment provision does not oblige FEMA to make a determination on a claim within 60 days after receiving a proof of loss.[2] This is because SFIP § VII(M)(1)(a)–(c) describes several events, one of which must occur before a "loss" is "payable" under SFIP § VII(M)(1). Specifically, "loss" is not "payable" under SFIP § VII(M)(1) until 60 days lapse from FEMA's receipt of the proof of loss

---

[1] "An SFIP is a regulation of FEMA, stating the conditions under which federal flood-insurance funds may be disbursed to eligible policyholders." *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015).

[2] Plaintiff directs the Court to a district court decision allowing a plaintiff suing under an SFIP to treat FEMA's failure to make a payment within 60 days as a "disallowance" under 42 U.S.C. § 4072. *See Altman v. Napolitano*, No. G-10-CV-487, 2013 WL 788452, at *1 (S.D. Tex. Mar. 1, 2013). In the *Altman* court's view, to hold otherwise would allow FEMA to forever forestall suit by taking no action on a claim. *Id.* As a matter of policy, the Court agrees: FEMA should resolve flood loss claims promptly. But as a matter of contract interpretation, the Court respectfully disagrees. The Court cannot read § VII(M)(1)(a)–(c) out of the SFIP.

*and* one of the following occurs: 1) FEMA "reach[es] an agreement with" the policyholder, 2) a "final judgment" is entered, or 3) an "appraisal award" is filed with FEMA. *See* 44 C.F.R. Pt. 61, App. A(1), § VII(M)(1).

In the case before the Court, it is undisputed that 1) FEMA has not "reached an agreement with" Plaintiff, 2) no "final judgment" has been entered, and 3) no "appraisal award" has been filed with FEMA. *See* 44 C.F.R. Pt. 61, App. A(1), § VII(M)(1)(a)–(c). Accordingly, Plaintiff's claim is not "payable" under SFIP § VII(M)(1), and FEMA has not "disallowed" the claim. Because no "disallowance" has occurred, 42 U.S.C. § 4072's limited waiver of FEMA's sovereign immunity does not apply.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 7)** is **GRANTED**. Plaintiff's claim is **DISMISSED** without prejudice. A final judgment shall issue in accordance with Federal Rule of Civil Procedure 58.

Baton Rouge, Louisiana, this 9th day of January, 2020.

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA